**Jody Larry MORROW, Petitioner,**

v.

**Sidney HARKLEROAD, Marion Correctional Institution, Marion, North Carolina; and Roy A. Cooper, III, Attorney General of North Carolina, Respondents.**

**No. CIV. 2:02CV142.**

United States District Court,
W.D. North Carolina.
Bryson City Division.

March 24, 2003.

Ann B. Petersen, Glover & Petersen, James R. Glover, Glover & Petersen, P.A., Chapel Hill, NC, for Petitioner.

Clarence J. DelForge, III, Raleigh, NC, for Respondents.

### MEMORANDUM AND ORDER

THORNBURG, District Judge.

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend judgment. Respondent has filed a response. For the reasons stated herein, the motion is denied.

Rule 59 does not provide a standard for determining whether the relief of altering or amending a judgment is warranted. However, Fourth Circuit precedent has established three grounds for modifying an earlier judgment: (1) to accommodate an intervening change in law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or manifest injustice. *E.E.O.C. v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir.1997).

On February 27, 2003, the undersigned dismissed the habeas petition as untimely and as an alternative ground, addressed the merits of the petition. The

Respondent now concedes that the petition was timely filed and as a result, the Judgment will be amended to delete this ground.[1]

■ Petitioner also claims the undersigned applied an incorrect standard of review of the state habeas corpus petition, citing *Williams v. Taylor*, 529 U.S. 362, 409, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The Memorandum of Decision contains a discussion of the applicable standard which follows a quote of the language of the habeas corpus statute, 28 U.S.C. § 2254:

> [S]ubsection (1) ... prohibit[s] the issuance of the writ unless (a) the state court decision is in "square conflict" with Supreme Court precedent which is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant supreme court precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts.... In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that *reasonable jurists* would all agree is unreasonable."

**Memorandum of Opinion, filed February 27, 2003, at 5 (quoting** *Fitzgerald v. Greene*, 150 F.3d 357, 362 (4th Cir.1998) **(quoting** *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998))) **(emphasis added).** Petitioner cites the italicized language as an erroneous standard of review under *Williams, supra*, and thus, clear error of law. Assuming *arguendo* that the Peti-

tioner is correct as to the phrase "reasonable jurists," the remainder of the standard is clearly correct. As the Supreme Court has recently noted,

> "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable.

*Lockyer v. Andrade,* —— U.S. ——, ——, 123 S.Ct. 1166, 1174, 155 L.Ed.2d 144 (2003) **(quoting** *Williams,* 529 U.S. at 413, 120 S.Ct. 1495) **(other citations omitted).** Petitioner also failed to note that the language of the statute was also set forth, *i.e.,* that the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." **Memorandum of Opinion,** *supra.*

Next, Petitioner takes exception to the factual recitation quoted from the state court decision on the motion for appropriate relief. First, he claims the undersigned relied on facts not in evidence, *i.e.,* the federal court convictions of Patterson and Laythe. "The rest of this section is [a] description of the federal convictions of Marvin Patterson and Thomas Laythe based on information gathered from outside the record that was before the state court." **Motion to Alter or Amend Judgment, filed March 10, 2003, at 8.** Howev-

---

1. Petitioner claims the undersigned relied on a vacated decision in support of the untimeliness determination. After this decision was drafted, the Fourth Circuit vacated *Rouse v. Lee,* 314 F.3d 698 (4th Cir.2003). Thus, even

if the Respondent had not conceded the timeliness issue, amendment of the judgment and opinion to reflect an intervening change in law would be appropriate.

er, the original petition contained the following language: "Patterson was indicted in federal court on 6 June 1992 and entered a guilty plea in May 1993 to distributing drugs to Carroll which resulted in her death. Laythe ... [was] also convicted in federal court for aiding and abetting. In November 1993, Patterson was sentenced to federal prison for a term of 20 years." **Petition for a Writ of Habeas Corpus, filed June 10, 2002, at 30**. Moreover, the state court ruled that "[d]efense counsel did not call Patterson as a witness because he was concerned about the jury's reaction to Patterson's criminal record, his history of drug use, and his involvement in Tracy Carroll's death, for which he was serving a prison sentence at the time of defendant's trial." *State v. Morrow*, 150 N.C.App. 440, ——, 563 S.E.2d 640, ——, 2002 WL 1013483 at *5 (2002).

 Petitioner also accuses the undersigned of failing to review the totality of the evidence. "It was error for this Court to address Petitioner's claims without taking notice of the totality of th[e] evidence." **Motion to Alter or Amend, at 9**. However, the Fourth Circuit has recently held that "[s]ignificantly, findings of fact by a state court are entitled to a 'presumption of correctness,' which a petitioner ... must rebut by 'clear and convincing evidence.'" *Daniels v. Lee*, 316 F.3d 477, 485 n. 6 (4th Cir.2003). Having reviewed the Petitioner's factual allegations, the undersigned found that such a rebuttal had not been made by the Petitioner. **Memorandum of Opinion, at 6**.

One of the Petitioner's claims was that the state prosecutor knowingly presented false testimony during the trial. This claim was presented to the state court on the motion for appropriate relief and that court considered both the trial testimony and the testimony presented during the hearing on the motion. The state court found the testimony was neither false nor material and noted that the inconsistency in Scott Turner's testimony was before the trial jury for its consideration. *See, e.g., United States v. Griley*, 814 F.2d 967, 971 (4th Cir.1987) **(Mere inconsistencies in testimony by government witnesses is insufficient to show the knowing use of false testimony.)**. Petitioner now claims this Court's handling of that issue, once again, applied an incorrect legal standard because the undersigned found the state court's factual resolution of the issue had not been rebutted by clear and convincing evidence. According to Petitioner, the "opinion never addresse[d] the issue of whether the state court adjudication of this claim resulted in a decision which was contrary to or an unreasonable application of the clearly established law." **Motion to Alter or Amend, at 10**. The discussion contained within the decision, however, shows that such a determination was made. **Memorandum of Opinion, at 9**; *see also, Lockyer*, —— U.S. at ——, 123 S.Ct. at 1172 **("The Ninth Circuit requires federal habeas courts to review the state court decision *de novo* before applying the AEDPA standard of review. We disagree with this approach.** *AEDPA does not require a federal habeas court to adopt any one methodology* **in deciding the only question that matters under § 2254(d)(1)—whether a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law."** (emphasis added; internal citations omitted)).

In this motion, the Petitioner raises an argument not previously presented; "the state courts held that Petitioner was required to, but didn't, prove that the trial court prosecutor or Investigator White 'deliberately and knowingly' elicited the false testimony from Scott Turner." **Motion to Alter or Amend, at 11**. The proper federal standard, Petitioner notes, is whether the prosecutor knew or *should have*

known *about the perjured testimony.*[2] United States v. Agurs, *427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). The North Carolina Court of Appeals refused to apply any standard other than the state law standard which required knowing use of false testimony.* Morrow, *563 S.E.2d at* ——, *2002 WL 1013483, at \*3. Thus, Petitioner argues the state court decision is contrary to clearly established federal law.*

 Assuming *arguendo* that the argument may be raised for the first time in this motion, it is nonetheless rejected. "[E]ven if the state court's determination that there [was] no constitutional error was 'contrary to' or 'an unreasonable application of' Supreme Court precedent, [the reviewing court is] not permitted to grant habeas corpus relief unless [it is] convinced that the error had a 'substantial and injurious effect or influence in determining [the decision].'" *Daniels, supra,* (**quoting** *Fullwood v. Lee,* 290 F.3d 663, 679 (4th Cir.2002) (**quoting** *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993))). Although the state court recited an erroneous standard, it nonetheless reached the proper result because it found that the testimony was not false. Moreover, it was this factual finding to which the undersigned gave deference. *Miller–El v. Cockrell,* 537 U.S. 322, ——, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003) ("**Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding[.]**"). "Deference is necessary because a reviewing court, which analyzes only the transcripts from [the trial], is not as well positioned as the trial court is to make credibility determinations." *Id.*

 Next, Petitioner argues the undersigned erred by finding trial counsel were not ineffective in failing to offer into evidence at his trial the evidence offered at the trial of Heather Rogers. As noted in the Memorandum of Opinion, Petitioner did not place the record of that evidence before this Court. "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue ...." *Williams v. Taylor,* 529 U.S. 420, 437–38, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). Moreover, where there is a "conceivable strategic advantage to the decision not to introduce certain evidence, that choice is virtually unassailable on collateral review." *Rose v. Lee,* 252 F.3d 676, 692–93 (4th Cir.), *cert. denied,* 534 U.S. 941, 122 S.Ct. 318, 151 L.Ed.2d 237 (2001) (**citing** *Turner v. Williams,* 35 F.3d 872, 904 (4th Cir. 1994), *overruled on other grounds by,* O'Dell v. Netherland, *95 F.3d 1214 (4th Cir.1996)).

 Finally, Petitioner claims the undersigned failed to make the requisite finding that the trial court's admission of Tracy Carroll's statements to her aunt was not contrary to or an unreasonable application of clearly established federal, as opposed to state, law.

The Confrontation Clause of the Sixth Amendment guarantees the right of a

---

**2.** The Petitioner also argues the state court failed to apply the federal standard to the issue of materiality. However, the language in the state court decision recited that standard and applied it: "[A] new trial is required 'if the false testimony could ... in any reasonable likelihood have affected the judgment of the jury[.]'" *Morrow, supra,* at 420, 2002 WL 1013483 at \*2 (**quoting** *Giglio v. United States,* 405 U.S. 150, 153–54, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972)).

criminal defendant "to be confronted with the witnesses against him." But while "the Confrontation Clause reflects a preference for face-to-face confrontation at trial," it does not foreclose the admission of all hearsay statements when the declarant is unavailable. Rather, ... the Confrontation Clause does not prohibit the introduction of hearsay statements of an unavailable declarant which are "marked with such trustworthiness that there is no material departure from the reason of the general rule." ... From these principles, the Court has held that a hearsay statement is admissible and does not violate the Confrontation Clause where the witness is unavailable and the statement bears sufficient "indicia of reliability" in that it falls within a "firmly rooted hearsay exception" or has "particularized guarantees of trustworthiness."

*United States v. Photogrammetric Data Servs., Inc.*, 259 F.3d 229, 243 (4th Cir. 2001), *cert. denied*, 535 U.S. 926, 122 S.Ct. 1295, 152 L.Ed.2d 208 (2002) (quoting *Ohio v. Roberts*, 448 U.S. 56, 63–66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980)) (**other citations omitted**). Carroll told her aunt that she had been present when the victim had been killed and that she was afraid of the other people involved in the murder. "[T]he very fact that a statement is genuinely self-inculpatory ... is itself one of the 'particularized guarantees of trustworthiness' that makes a statement admissible under the Confrontation Clause." *Williamson v. United States*, 512 U.S. 594, 605, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994); Fed.R.Evid. 804(b)(3). The existence of corroborating evidence, as noted by the state court, is another such indicia. *United States v. Dunford*, 148 F.3d 385, 393 (4th Cir.1998). Indeed, Carroll's participation in the murder could be deemed

to qualify the statement as that of a co-conspirator, in which case it also was admissible. *United States v. McHan*, 101 F.3d 1027 (4th Cir.1996). Considering the totality of the circumstances surrounding the statements made by Carroll to her aunt, the undersigned concludes the statements were properly admitted. *Id.* (**Statements made voluntarily by a co-conspirator who had personal knowledge of the facts; statements made in fear of impending death.**). Moreover, these statements were admissible pursuant to the residual exception rule. Fed. R.Evid. 807.

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to alter or amend is **GRANTED** as to the issue of timeliness of the petition, and is **DENIED** as to all other issues. An amended judgment is filed herewith.

### AMENDED JUDGMENT

For the reasons set forth in the Memorandum and Order filed herewith,

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that the Respondents' motion for summary judgment is **ALLOWED**, and the Petitioner's petition for a writ of *habeas corpus* is hereby **DISMISSED WITH PREJUDICE** in its entirety.