**Steven Allen KNISH, Petitioner,**

v.

**Donald L. STINE, Warden, Respondent.**

**No. CRIM.04–2795 MJD/JGL.**

United States District Court, D. Minnesota.

Nov. 24, 2004.

---

Thomas B. Heffelfinger, United States Attorney, and Henry J. Shea, Assistant United States Attorney, Counsel for Respondent.

Howard O. Kieffer, Federal Defense Associates, and Thomas M. Kelly, Kelly & Jacobson, Counsel for Petitioner.

## MEMORANDUM OF LAW & ORDER

DAVIS, District Judge.

## I. INTRODUCTION

This matter is before the Court on Petitioner's Motion to Alter or Amend Judgment pursuant to Fed.R.Civ.P. 59(e), on the grounds that a recently issued Eighth Circuit opinion renders erroneous this Court's October 22, 2004 Order dismissing his 28 U.S.C. § 2241 petition for a writ of habeas corpus.

## II. BACKGROUND

On January 17, 2003, Petitioner Knish pleaded guilty to Tax Evasion and Aiding and Abetting in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2. On June 9, 2003, Petitioner was sentenced to twenty-four months in prison. His projected release date is April 9, 2005, based on accumulated good conduct time under 18 U.S.C. § 3624(b). At his program review meeting in early February, 2004, Petitioner was advised by prison staff that they intended to recommend him for Community Corrections Center ("CCC") placement on February 6, 2005. Petitioner disagrees with the decision to assign him to a halfway house for only the last ten percent of his sentence. He claims that the Bureau of Prisons (BOP) had a longstanding policy of placing federal prisoners in halfway houses prior to the last ten percent of their sentence. He argues that the change in policy is based on an erroneous legal opinion of the Attorney General.

The authority of the BOP to designate the place of an inmate's imprisonment is granted in 18 U.S.C. § 3621(b):

The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau ... that the Bureau determines to be appropriate and suitable.... The Bureau may at any time ... direct the transfer of a prisoner from one penal or correctional facility to another.

This grant of authority must be read in conjunction with 18 U.S.C. § 3624(c):

The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the commu-

nity. The authority provided by this subsection may be used to place a prisoner in home confinement.

On December 13, 2002, the Department of Justice, Office of Legal Counsel (OLC) issued an opinion on the BOP's authority to place an offender in a CCC immediately after being sentenced, without spending any time in federal prison, or to transfer the offender from prison to a CCC at any time during the course of his sentence. According to the OLC Opinion, community confinement does not amount to "imprisonment" for purposes of the sentencing guidelines, therefore such offenders may not, under the sentencing guidelines, serve their entire terms in community confinement. Memorandum Opinion for the Deputy Attorney General, December 13, 2002.

In addition, the OLC Opinion addressed the BOP's authority to transfer a prisoner to a CCC pursuant to 18 U.S.C. § 3624(c). The OLC Opinion stated that under the plain language of § 3624(c), pre-release conditions should be afforded for a reasonable portion of the last ten percent of the sentence, not to exceed six months. *Id.*

On December 16, 2002, the Deputy Attorney General adopted the OLC Opinion and forwarded it to the Director of the BOP, with his own memorandum which included a paragraph addressing the BOP's practice of sending prisoners to CCCs for the last six months of their sentence. The memorandum stated that:

> while BOP does have limited statutory authority in 18 U.S.C. § 3624(c) to transfer an offender to a CCC prior to his release so as to "afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community," there are firm restrictions on such transfers. Specifically, the transfer may not exceed the *lesser* of (i) the last ten percent of the sentence imposed on the offender, *i.e.,*

the period of time in which the offender was committed to the custody of the BOP, or (ii) six months.

Thompson Memorandum, December 16, 2002.

In response, the BOP changed its policy based on its new understanding of § 3624(c). It announced that the BOP would no longer transfer inmates to pre-release community confinement for any longer than a reasonable portion of the last ten percent of the inmates' sentences.

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in June 2004, challenging the BOP's new policy. This Court originally denied Knish's habeas petition on the grounds that the Court lacked jurisdiction to grant him relief under 28 U.S.C. § 2241. Therefore this Court did not address the merits of Petitioner's claim.

On October 18, 2004, the Eighth Circuit issued its decision in *Elwood v. Jeter,* 386 F.3d 842 (8th Cir.2004). That case, brought under § 2241, held that the OLC interpretation was erroneous and that the BOP has the authority and discretion to place an offender in any suitable correctional facility for all or part of the offender's sentence, and that the BOP is not limited by the provisions of 18 U.S.C. § 3624(c). *Id.* at 846–47. Rather, the court held that § 3624(c) imposes an affirmative obligation on the BOP to take steps to facilitate a smooth re-entry into the outside world, unless it is impracticable. *Id.* Knish argues that in light of the Eighth Circuit's decision on this matter, this Court's order is now erroneous and must be altered.

### III. DISCUSSION

#### A. Standard

 A motion to alter or amend a judgment under Rule 59(e) of the Federal

Rules of Civil Procedure is intended to correct manifest errors of law or fact or to present newly discovered evidence. *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998) (citing *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988), *cert. denied*, 488 U.S. 820, 109 S.Ct. 63, 102 L.Ed.2d 40 (1988)). Courts have held that accommodating an intervening change in the law is an appropriate grounds for modifying an earlier judgment. *See, e.g., Morrow v. Harkleroad*, 258 F.Supp.2d 418, 419 (W.D.N.C. 2003) (citing *E.E.O.C. v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir.1997)); *Gregg v. American Quasar Petroleum Co.*, 840 F.Supp. 1394, 1401 (D.Colo.1991) (Rule 59(e) motion is proper when "there has been a significant change or development in the law or facts since submission of the issues to the court").

### B. Analysis

The Eighth Circuit's pronouncement in *Elwood* is an important development in the law, upon which this Court is now compelled to re-examine and amend its decision in this matter, and to grant Petitioner relief on his § 2241 petition challenging the legality of the new BOP policy.

### 1. Subject Matter Jurisdiction

■ This Court originally dismissed this case without addressing the merits on the grounds that this Court lacked jurisdiction to grant § 2241 habeas relief because the requested relief affected the place or conditions of confinement. This decision was based on Eighth Circuit case law and other decisions from this district which held that habeas relief is limited to issues affecting the length or duration of a sentence, rather than the place or conditions of confinement. *See, e.g., Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir.1996);

*Martin v. Outlaw*, Civ. No. 03–2507 DWF/JSM (D.Minn.2003).

However, in *Elwood*, the Eighth Circuit granted habeas relief in a nearly identical claim under § 2241. While the Eighth Circuit never addressed the jurisdictional issue, subject matter can be presumed when the Court speaks because if the record suggested jurisdiction may be lacking, a court is obligated to raise the issue sua sponte. *See, e.g., United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (citing *Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908)) (holding that subject matter jurisdiction can never be forfeited or waived and defects in jurisdiction require correction regardless of whether the error was raised); *State of Missouri ex rel. Missouri Highway and Transportation Commission v. Cuffley*, 112 F.3d 1332, 1334 (8th Cir.1997) (holding that even though parties did not dispute subject matter jurisdiction, a court has duty to raise the issue sua sponte). Since the Eighth Circuit has recently decided this similar § 2241 claim on the merits, jurisdiction is presumed, and this Court is now obligated to exercise jurisdiction over Knish's petition for § 2241 habeas corpus relief.

Subject matter jurisdiction is also proper under the mandamus statute, 28 U.S.C. § 1361. Section 1361 grants the district courts "original jurisdiction [over] any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

■ Although Petitioner admits that he failed to exhaust his administrative remedies, this Court excuses Knish's failure to appeal his case to the BOP Regional Office and General Counsel because it would be futile. *See Gibson v. Berryhill*, 411 U.S. 564, 575 n. 14, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973) (administrative remedy may be

inadequate where the administrative body has predetermined the issue before it); *Houghton v. Shafer*, 392 U.S. 639, 640, 88 S.Ct. 2119, 20 L.Ed.2d 1319 (1968) (holding that requiring administrative review through process culminating with the Attorney General where Attorney General already submitted that the challenged rules of prison were "validly and correctly applied to petitioner" would be "to demand a futile act"); *see also Elwood*, 386 F.3d at 844 n. 1 (noting that the government conceded that petitioner's continued use of the grievance procedure to contest the validity of the BOP's new policy would be futile).

2. Deference to the OLC/BOP Statutory Interpretation

■ The first question this Court must ask in reviewing an agency's construction of a statute that it administers is "whether Congress has directly spoken to the precise question at issue." *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). If the intent of Congress is clear, that is the end of the matter. *Id.* at 842–43, 104 S.Ct. 2778. If Congress has not directly addressed the question, the court asks "whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843, 104 S.Ct. 2778. The appropriate degree of deference a court should give to an agency's construction is "a respect proportional to its power to persuade." *United States v. Mead*, 533 U.S. 218, 235, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001). The Eighth Circuit in *Elwood* held that "here, Congress addressed the issue, so we need not look to the agency's interpretation of the statute." *Elwood*, 386 F.3d at 845.

3. The Proper Interpretation of Sections 3621(b) and 3624(c)

■ The Court of Appeals for the First Circuit, the first appellate court to address the validity of the ten percent rule, recent-

ly held that new BOP policy is erroneous. *Goldings v. Winn*, 383 F.3d 17, 21–29 (1st Cir.2004). The First Circuit held that § 3621(b) provides the BOP with the discretion to transfer an offender to a CCC at any time during the sentence, without regard to the temporal limitations of § 3624(c):

> This language [of section 3624(c)] imposes an affirmative obligation on the BOP to take steps to facilitate a smooth re-entry for prisoners into the outside world. It is true that this obligation is qualified. Section 3624(c) does not mandate placement in a CCC prior to release, and it requires the BOP to assure that a prisoner spends the last part of his sentence under pre-release conditions only if practicable. However, a qualified obligation differs from a grant of discretion. Under § 3624(c), the BOP *must* ensure placement under pre-release conditions except where no such placement is practicable.

*Id.* at 23 (emphasis in original).

In *Elwood*, the Eighth Circuit explicitly adopted the reasoning and statutory interpretation of *Goldings*. *Elwood*, 386 F.3d at 846–47. The Eighth Circuit stated that:

> We emphasize, like the First Circuit, that 18 U.S.C. § 3624(c) does not require placement in a CCC. It only obligates the BOP to facilitate the prisoner's transition from the prison system. Under § 3621(b), the BOP may place a prisoner in a CCC for six months, or more. Under § 3624(c) the BOP must formulate a plan of pre-release conditions. This plan may include CCC placement, home confinement, drugs or alcohol treatment, or any other plan that meets the obligation of a plan that addresses the prisoner's re-entry into the community.

*Id.* at 847.

The OLC's interpretation of § 3621(b) that "place of imprisonment" did not in-

clude CCCs relied on cases holding that confinement in a CCC is not imprisonment as used in section 5C1.1 of the United States Sentencing Guidelines. The First Circuit in *Goldings* rejected this view, holding that it is not the facility that determines whether a person is imprisoned for the purposes of § 3621(b), but "the fact and nature of the offender's sentence ('sentenced to a term of imprisonment') and the identity of the custodian (the BOP)." *Goldings*, 383 F.3d at 25. The court found that the term "penal or correctional facility" for purposes of interpreting the ten percent rule includes CCCs. *Id.* at 26.

■ Furthermore, judicial interpretation of a term as used in the Sentencing Guidelines does not control interpretation of the same term in a federal statute. *See United States v. LaBonte*, 520 U.S. 751, 768, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997) (sentencing commission's commentary "must give way" when it conflicts with the plain meaning of a federal statute); *Zucker v. Menifee*, 2004 WL 102779, at *7 (S.D.N.Y. Jan.21, 2004).

The government in *Elwood* conceded that a CCC is a "place of imprisonment" and a "penal or correctional facility" for purposes of § 3621(b). However, the Eighth Circuit also expressly adopted the interpretations of the statutes set forth by the First Circuit in *Goldings*, which this Court also must adopt, finding the government's interpretation of these statutes erroneous.

The proper interpretation of the statutes has been clearly established by the Eighth Circuit. Section 3621(b) clarifies only that CCCs are acceptable places of imprisonment and allows the BOP to place inmates in CCCs at any time during their sentences. Section 3624(c), on the other hand, imposes on the BOP an *obligation* to assure that inmates receive a pre-release plan for at least the last ten percent of the sentence but not more than six months, unless such a plan is practically impossible.

In light of *Elwood*, this Court declares the new BOP policy prohibiting assignment to a CCC until the last ten percent of a prisoner's sentence to be invalid. As noted above, however, Knish is not entitled to CCC placement for any particular period of time. Accordingly, the appropriate relief here is not to direct Knish's transfer to a CCC, but instead to direct the BOP to consider his transfer to a CCC, utilizing the factors that it considered prior to the December 2002 policy change.

### 4. Compliance with the APA and Impermissible Retroactivity Claims

Knish also argues that the BOP policy violates the Administrative Procedures Act because it was not made available for public comment and that the policy violates the Ex Post Facto Clause of the United States Constitution. Because this Court concludes that the BOP's new policy is based on an erroneous interpretation of §§ 3621(b) and 3624(c) and grants relief on these grounds, it need not consider the APA or the Ex Post Facto claims.

## IV. CONCLUSION

Since this Court finds that Eighth Circuit law requires that Knish not be subjected to a policy based on an erroneous statutory interpretation, it invokes its authority to issue a writ in the nature of mandamus compelling respondent to reconsider Petitioner promptly and in good faith for CCC placement consistent with the policy in place prior to December 2002.

IT IS HEREBY ORDERED that:

1. Petitioner's motion to alter or amend judgment [Docket No. 13] is GRANTED.

2. Petitioner's motion for relief under 28 U.S.C. § 2241 and 28 U.S.C.

§ 1361 [Docket No. 1] is GRANTED.

3. Respondent must promptly and in good faith reconsider Petitioner for CCC placement consistent with the policy in place prior to December 2002.