**In re Holly MATTHEWS, Debtor.**

**Holly Matthews, Plaintiff,**

v.

**Sallie Mae Servicing, Defendant.**

**Nos. 03–3470, 03–35162.**

United States Bankruptcy Court,
N.D. Ohio.

Jan. 6, 2005.

John L. Jacobson, Toledo, OH, for Holly Matthews.

Daniel N. Sharkey, Detroit, MI, for Educational Credit Management Corporation (ECMC).

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion of the Plaintiff, Holly Matthews, for Reconsideration of this Court's Decision wherein it was found that she was not entitled to an "undue hardship" discharge of her student-loan debts under 11 U.S.C. § 523(a)(8). In her Motion, the Plaintiff raised four points of error. After consideration, the Court finds, for the reasons set forth herein, that the relief sought by the Plaintiff should be Denied.

It is well-established that a "motion for reconsideration" is not expressly recog-

nized by either the Federal Rules of Procedure or the Bankruptcy Rules of Procedure. Instead, if, as here, such a motion is filed within 10 days of the rendition of the underlying judgment, it is treated as a Motion to Alter or Amend under Rule 59 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 9023. *Melton v. Melton (In re Melton)*, 238 B.R. 686, 694 (Bankr. N.D.Ohio 1999). Substantively, in order to sustain a Rule 59 Motion, it must be shown that the court made a material mistake, either factually or legally. *Innovative Home Health Care. Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998). As now explained, this standard has not been met.

■ The Plaintiff's first point of error holds that this Court inaccurately stated in its Decision that she holds a graduate degree. However, while technically true, this statement was simply included in this Court's recitation of the facts to provide background context; at no level was this Court's decision predicated upon the Plaintiff having actually obtained a graduate degree. Thus, to the extent that this statement is incorrect—and it is noted that the Plaintiff did engage in postgraduate work—the error is de minimis; and as such, cannot form a viable basis to vacate this Court's prior decision.

The Plaintiff's second point of error holds that this Court incorrectly set her net monthly income at $1,000.00, an amount which is to high. However, a review of this Court's decision shows that the $1,000.00 figure was not meant to be an exact figure, with the Court modifying the figure with the word "approximately." Moreover, this figure was only utilized when analyzing whether the Plaintiff's had the present ability to pay her student-loan debt, a fact which was subsequently answered in the negative. Accordingly, even if the Plaintiff's income was set to high, it had no bearing on this Court's final decision.

The Plaintiff's third point of error holds that this Court improperly excluded testimony regarding the Plaintiff's medical conditions from a licensed medical provider. However, this statement is not entirely correct. The Court, instead, simply afforded the testimony from the Plaintiff's medical witness minimal evidentiary weight as the witness was the Plaintiff's mother, a relationship which, for obvious reasons, is susceptible to a very high level of bias. Moreover, it must be noted that the Court did not actually question the Plaintiff's affliction with those medical problems which she cites to as forming the basis of her "undue hardship." Instead, after discounting the testimony given by the Plaintiff's mother, the Court found that no *independent* evidence of any weight had been offered to corroborate the position that her medical conditions were sufficiently debilitating so as to completely inhibit her ability to repay the student loans.

The Plaintiff's final point of error holds that this Court did not properly consider, in analyzing whether a good-faith effort had been made to repay the student loans, that she had obtained deferments on her educational obligations. However, this fact was clearly acknowledged in this Court's decision, but discounted because of two countervailing considerations: (1) the failure over a fairly considerable period of time to make any voluntary payments on her student-loan obligations; and (2) the Plaintiff's failure to attempt to participate in the Income Contingent Repayment Program. As such, the Plaintiff's last point of error is without merit.

One final note. The Plaintiff, pending an unfavorable outcome on her Motion, has asked for an extension of time to appeal this Court's decision. When a motion,

however, such as that put forth by the Plaintiff is filed, Bankruptcy Rule 8002(b) governs the issue as to the applicable time limit to file an appeal, and the time period set forth therein is controlling.

Accordingly, it is

**ORDERED** that the relief sought by the Plaintiff/Debtor, Holly Matthews, in her Motion for Reconsideration, be, and is hereby, DENIED.